IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| STEVE P. GORDON, | ) | |
| | ) | |
| Plaintiff, | ) | No. CV-09-1344-HU |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED RENTALS, INC. | ) | FINDINGS & RECOMMENDATION |
| | ) | |
| Defendant. | ) | |

Steve P. Gordon
6645 SW 154th
Beaverton, Oregon 97007

    Plaintiff Pro se

Paul M. Ostroff
Jeremy S. Healey
LANE POWELL P.C.
601 S.W. Second Ave., Suite 2100
Portland, Oregon 97204-3158

    Attorneys for Defendant

HUBEL, Magistrate Judge:

    Plaintiff Steve Gordon brings this employment discrimination action against defendant United Rentals, Inc. Defendant moves to dismiss for insufficient service and lack of personal jurisdiction. Alternatively, defendant seeks to quash service. Plaintiff has not

1 - FINDINGS & RECOMMENDATION

responded to the motion. I recommend that the motion to dismiss be granted.

## BACKGROUND

Plaintiff filed the action in Multnomah County Circuit Court on or about August 31, 2009. Plaintiff executed a summons for service on "United Rentals, Inc., 5111 N.E. 82nd Ave., Portland ORE 97220." Exh. 1 to Ostroff Declr. at p. 1. On October 22, 2009, the Multnomah County Sheriff's Office filed a return of service showing that the complaint and summons executed by plaintiff had been served on "UNITED RENTALS INC." "at the office he/she maintains for the conduct of business at 5151 NE 82ND AVE, PORTLAND by leaving a true copy with MONTY ADAMS the person who is apparently in charge of the said office, on the 16day [sic] of October, 2009 during normal working hours, at to wit 1:19 pm." Exh. 2 to Ostroff Declr. at p. 1. Defendant removed the case to this Court on November 13, 2009, based on both federal question jurisdiction and diversity jurisdiction. Plaintiff alleges that he is a resident of Oregon. Compl. at ¶ 1.

According to Daniel Hewitt, defendant's Director of Legal Affairs, defendant is a Delaware corporation, with its principal place of business in Greenwich, Connecticut. Hewitt Declr. at ¶ 2. Defendant does not have, does not own, and does not operate an office or any other facility at 5151 NE 82nd Avenue in Portland. Id. at ¶ 3. Defendant has no employees or agents at 5151 NE 82nd Avenue in Portland. Id. Defendant has no employee or agent named Monty Adams. Id.

Defendant is authorized to do business in Oregon and is registered with the Oregon Secretary of State's Corporation

2 - FINDINGS & RECOMMENDATION

1  Division since April 2003.  Id. at ¶ 4.  Defendant's registered
2  agent for service of process in Oregon is Corporation Service
3  Company, 285 Liberty Street NE, Salem, Oregon 97301.  Id. at ¶ 5.
4  The summons and complaint in this case were not served upon
5  defendant's registered agent.  Id.
6     Defendant has no officers, directors, general partners, or
7  general agents in Oregon.  Id. at ¶ 6.  The only person authorized
8  to accept service for defendant is its registered agent for service
9  of process, Corporation Service Company.  Id.
10     Additionally, defendant does not own, does not operate, and
11 does not maintain a business facility at 5111 NE 82nd Avenue in
12 Portland.  Id. at ¶ 7.  The retail store at that address is owned
13 and operated by United Rentals Northwest, an Oregon corporation.
14 Id.

                              STANDARDS
16     Federal Rule of Civil Procedure 12(b)(5) allows a defendant to
17 move to dismiss the action where the service of process of a
18 summons and complaint is insufficient.  Fed. R. Civ. P. 12(b)(5).
19 It is plaintiff's burden to establish the validity of service of
20 process.  Aetna Bus. Credit, Inc. v. Universal Decor & Interior
21 Design, Inc., 635 F.2d 434, 435 (5th Cir. 1981) ("When service of
22 process is challenged, the party on whose behalf it is made must
23 bear the burden of establishing its validity."); Neilson v. Beck,
24 No. CV-94-520-FR, 1994 WL 578465, at *3 (D. Or. Oct. 18, 1994)
25 ("Once a party has challenged the sufficiency of process under Rule
26 12(b)(5), the party on whose behalf service is made has the burden
27 of establishing its validity.")
28     The court may consider evidence outside the pleadings in

3 - FINDINGS & RECOMMENDATION

resolving a Rule 12(b)(5) motion. See Lachick v. McMonagle, No. CIV. A. 97-7369, 1998 WL 800325, at *2 (E.D. Pa. Nov. 16, 1998) ("Factual contentions regarding the manner in which service was executed may be made through affidavits, depositions, and oral testimony.").

## DISCUSSION

The laws of the state in which service was effected prior to removal govern challenges to the sufficiency of service of process. Fed. R. Civ. P. 81(c)(1) (federal civil procedure rules "apply to a civil action after it is removed from a state court"); Lee v. City of Beaumont, 12 F.3d 933, 936-37 (9th Cir. 1993) ("The issues of the sufficiency of service of process prior to removal is strictly a state law issue . . . ."), overruled on other grounds, California Dept. of Water Resources v. Powerex Corp., 533 F.3d 1087, 1091 (9th Cir. 2008). Because plaintiff attempted to effect service on defendant before the case was removed, the sufficiency of service is analyzed under Oregon law.[1]

Oregon law allows service of process on a corporation in several ways. First, service may be effected by personal service upon a registered agent, officer, director, general partner, or

---

[1] Even if service were examined under applicable federal rules of civil procedure, plaintiff fails to establish that defendant was properly served. Federal Rule of Civil Procedure 4 authorizes service on a corporation by personal service on an officer, a managing or general partner, or any agent authorized by appointment of law to receive service of process. Fed. R. Civ. P. 4(h)(1). The evidence in the record shows that plaintiff did not personally serve any officer or agent of defendant. Plaintiff also did not serve defendant's registered agent. Thus, service was ineffective under federal rules.

4 - FINDINGS & RECOMMENDATION

1  managing agent of the corporation or limited partnership, or by
2  personal service upon any clerk on duty in the office of a
3  registered agent. Or. R. Civ. P. 7D(3)(b)(i). The record shows
4  that plaintiff failed to effect personal service on any of these
5  designated individuals.
6     Next, under Oregon law, if a registered agent, officer,
7  director, general partner, or managing partner cannot be found in
8  the county where the action is filed, which is the case here, true
9  copies of the summons and complaint may be served by (1)
10 substituted service upon such registered agent, officer, general
11 partner, or managing agent, or by (2) personal service on any clerk
12 or agent of the corporation or limited partnership who may be found
13 in the county where the action is filed; or by (3) mailing true
14 copies of the summons and complaint to the office of the registered
15 agent or to the last registered office of the corporation or
16 limited partnership, if any, as shown by the record on file in the
17 office of the Secretary of State. Or. R. Civ. P. 7D(3)(b)(ii).
18 The record shows that plaintiff failed to effect service in
19 compliance with Oregon law.
20    Because plaintiff fails to establish that he properly effected
21 service on defendant, this action should be dismissed. See S.J. v.
22 Issaquah Sch. Dist. No. 411, 470 F.3d 1288, 1293 (9th Cir. 2008)
23 (if service of process is insufficient, district court has
24 discretion to dismiss or quash service). Defendant additionally
25 argues that the court lacks personal jurisdiction as a result of
26 the insufficient process and the case should be dismissed for this
27 reason as well. I agree. See Benny v. Pipes, 799 F.2d 789, 492
28 (9th Cir. 1986) (federal court is without personal jurisdiction

5 - FINDINGS & RECOMMENDATION

over a defendant unless the defendant has been properly served), amended, 807 F.2d 1514 (9th Cir. 1987).

## CONCLUSION

I recommend that defendant's motion to dismiss (#3) be granted.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due February 1, 2010. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due February 18, 2010. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

IT IS SO ORDERED.

Dated this __14th__ day of __January__, 2010.

                                               /s/ Dennis James Hubel
                                              Dennis James Hubel
                                              United States Magistrate Judge

6 - FINDINGS & RECOMMENDATION